UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BENJAMIN SWAIN                                                                                    PLAINTIFF

v.                                          No. 5:18-CV-05104

TYSON MEXICAN ORIGINAL                                                                 DEFENDANT

**OPINION AND ORDER**

Before the Court are Defendant Tyson Mexican Original's motion (Doc. 16) for summary judgment, brief (Doc. 17) in support, and statement of facts (Doc. 18). Plaintiff has not responded to Defendant's motion.[1] For the reasons set forth below, Defendant's motion will be GRANTED.

**I.      Background**

Plaintiff Benjamin Swain worked at Tyson Mexican Original's Springdale plant. (Doc. 18, p. 1). Swain was a Class II Packer on the taco line. *Id.* Class II positions at Tyson Mexican Original are paid $10.45 an hour as a base rate. *Id.* At the time of Swain's termination, he was being paid an hourly rate of $12.15 an hour and was receiving an extra $.50 an hour for working during the third shift. *Id.* Swain's job required him to drive the pallet jack at times to complete the task of stacking taco boxes onto pallets. *Id.* Swain's job also required him to train new employees who were hired to complete similar tasks, like stacking burrito boxes onto pallets. *Id.*, p. 2. Tyson team members were not paid extra for training new team members unless they were selected by Tyson to be in the "Buddy" program. *Id.* Buddy program positions were posted and team members could apply. *Id.* Buddy program participants were paid an extra $.50 an hour. *Id.* Swain never applied for this program. *Id.*, p. 3

---

[1] Plaintiff requested an extension of time to file a response to Defendant's motion for summary judgment on May 20, 2019. The Court granted Plaintiff an extension until June 4, 2019. Plaintiff has not filed a response.

1

On September 15, 2017, Swain filed an EEOC charge alleging race discrimination, on the basis that he was not being paid extra for training other peers to do the palletizer position. *Id.*, p. 2. Swain alleged that other employees who were not in his protected class were getting paid extra for such training. *Id.*

In April of 2017, Swain applied for an open position in the maintenance department. *Id.*, p. 3. The position required that the employee to be hired must have a minimum of one year of maintenance experience and no more than "six attendance points."[2] *Id.* Swain's application admitted that he "[did not] have much maintenance experience . . . ." *Id.* Swain was also aware that the had accumulated ten attendance points. *Id.* Swain did not receive the position. *Id.* On October 9, 2017, Swain was suspended for workplace violence. *Id.*, p. 4. The incident involving Swain was investigated and Tyson determined that Swain should be terminated. *Id.* Swain did not amend his original EEOC charge after his termination and he did not file any further charges. *Id.*, p. 5.

## II. Analysis

When a party moves for summary judgment, it must establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). In order for there to be a genuine issue of material fact, the nonmoving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[2] "Attendance points" are accumulated as a result of "non-qualified" absences accrued by a worker at Tyson Mexican Original. (Doc. 16-1, p. 155).

248 (1986)). Only facts "that might affect the outcome of the suit under the governing law" need be considered. *Anderson*, 477 U.S. at 248. "[T]he non-movant must make a sufficient showing on every essential element of its claim on which it bears the burden of proof." *P.H. v. Sch. Dist. of Kan. City, Mo.*, 265 F.3d 653, 658 (8th Cir. 2001) (quotation omitted). Facts asserted by the nonmoving party "must be properly supported by the record," in which case those "facts and the inferences to be drawn from them [are viewed] in the light most favorable to the nonmoving party." *Id*. at 656–57. Pursuant to Local Rule 56.1 "[a]ll material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b)."

A plaintiff in an employment discrimination case survives a motion for summary judgment "either by providing direct evidence of discrimination or by creating an inference of unlawful discrimination" using circumstantial evidence. *Bone v. G4S Youth Servs., LLC*, 686 F.3d 948, 953 (8th Cir. 2012). When, as is the case here, a plaintiff presents no direct evidence to support a claim of discrimination, the claim is analyzed under the burden shifting framework set out in *McDonnell Douglas*. Under this framework, the plaintiff must first present a prima facie case of employment discrimination. *Ramlet v. E.F. Johnson Co*., 507 F.3d 1149, 1153 (8th Cir. 2007).

To establish a prima facie case of unlawful race discrimination under Title VII, a plaintiff must show that: "(1) he is a member of a protected class, (2) he was meeting his employer's legitimate job expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees outside the protected class were treated differently." *Carpenter v. Con-Way Cent. Express, Inc*., 481 F.3d 611, 616 (8th Cir. 2007) (citations and quotations omitted). In Swain's case, elements one through three are not in dispute. However, Tyson argues that there are no similarly situated employees outside the protected class that were treated differently. Swain

has not put forth any evidence that could give rise to an inference that his treatment was the result of unlawful discrimination. Swain was paid for his job responsibilities as all other employees were and did not have the necessary qualifications for either the raise, for training other employees, or the position in the maintenance department.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 16) for summary judgment is GRANTED and Plaintiff's claims for race discrimination are DISMISSED WITH PREJUDICE. Judgment will be entered separately.

IT IS SO ORDERED this 5th day of June, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE